THE STATE, EX REL. KLOS ET AL., APPELLANTS, *v.*
SPEETH ET AL., APPELLEES.*

(No. 25769—Decided January 18, 1962.)

*Messrs. Rudd, Ober & Miller*, for appellants.

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. John
L. Dowling*, for appellees.

SKEEL, J. Chapter 5521, Revised Code, provides the right of
county commissioners or of municipal authorities to co-operate
with the Director of Highways for the establishing, constructing,
reconstructing, improving or widening, maintaining or repairing
any section of a state highway within the limits of a village or
city. Prior to the adoption of the Revised Code, the sections
here concerned were Sections 1178-42 and 1178-43, General Code.
These sections were both amended effective October 11, 1945.
As then adopted, Section 1178-42, General Code (now Section
5521.01, Revised Code), in part, provided that "* * * and the
director may at his discretion, establish, construct, reconstruct,
improve, widen, maintain or repair any section of state high-
way within the limits of a city * * * and pay the entire or any
part of the cost and expenses thereof from state funds; but in all

---

*Motion to certify the record overruled (37478), June 20, 1962.

cases he shall first obtain the consent of the council or other legislative authority of such municipal corporation." The remainder of the section authorized the municipal corporations to co-operate by paying a part of the cost and setting up procedure for such co-operation.

The section was amended effective September 18, 1947, wherein, after the excerpt quoted, the following was inserted:

"Providing, however, that when a state highway which is also a federal-aid primary highway is located within a municipality and in the opinion of the director is in urgent need of * * * relocation, so as to accommodate the traveling public, and said municipality is so located that * * * it is impossible or wholly impracticable to relocate the said highway outside the limits of said municipality, and the municipal authorities fail to act within thirty days after written request has been received from the highway director or refuse to consent to the desired improvement within said municipality, the director may make a resolution declaring the necessity of said improvement which shall be spread upon his journal and then proceed in the same manner as if consent had been given."

Provision was then made for an appeal on questions of law by the municipal authority to the Court of Common Pleas. It was provided that the court may affirm or revoke such resolution.

This section, now designated as Section 5521.01, Revised Code, was again amended effective September 30, 1955, wherein it was, in part, provided, after authorizing a village or city to participate with the Director of Highways in the construction or reconstruction of a state highway within the limits of such municipal corporation and empowering the director to pay the entire or part of the cost but in all cases requiring that he shall obtain the consent of the legislative authority of such municipal corporation:

"Provided, that when a federal-aid primary highway or a federal-aid interstate highway is located within a municipal corporation and, in the opinion of the director, is in urgent need of * * * reconstruction * * * or relocation, so as to accommodate the traveling public, the Director of Highways shall submit a written request to the legislative authority of the municipality for its consent to the desired improvement. The legislative authority shall within sixty days after such written request has

been received from the director either grant its consent to the improvement or refuse such consent by filing in writing with the director a statement of its reasons for refusing the consent and such alternate proposals as it deems reasonable. If the legislative authority fails to act or refuses consent, the director may upon consideration of the reasons for rejection make a resolution declaring the necessity of said improvement which shall be spread upon his journal and then proceed in the same manner as if consent had been given.''

An appeal to the Court of Common Pleas is then provided, if desired by the municipality to determine the reasonableness and necessity of the director's action. The evidence that may be presented is then defined and the right to an appeal to the appellate courts as provided by law is set out. This part of the section then provides:

''If the court affirms said resolution the director may proceed with said improvement with or without the co-operation of the said municipality.''

The procedure thus provided was considered in the case of *City of Lakewood* v. *Thormyer, Acting Director*, 171 Ohio St., 135, wherein the Supreme Court, in affirming the trial court and the Court of Appeals, held that the proposal of the Director of Highways by his resolution indicating his purpose to proceed with the improvement was reasonable and necessary, by stating:

''1. The proviso contained in the second paragraph of Section 5521.01, Revised Code, authorizing the Director of Highways of the state of Ohio to repair, reconstruct, widen, improve, or relocate a federal aid primary highway or a federal aid interstate highway within a municipal corporation, without the consent of the municipal corporation, when in his opinion said highway is in urgent need thereof, by following the procedure therein specified, does not violate any provision of the Constitution of the state of Ohio.

''2. Section 5511.01, Revised Code, and Section 5521.01, Revised Code, are to be read *in pari materia*. Section 5511.01, Revised Code, which provides for a notice and hearing before 'making any changes in existing highways comprising the system,' and that 'no change in the route of any highway through a municipal corporation shall be made except after notice and

hearing,' makes such notice and hearing a prerequisite to procedure under Section 5521.01, Revised Code.

"3. Section 5521.01, Revised Code, applies to an existing federal aid primary highway or a federal interstate highway, and it is not necessary, in order to invoke the provisions thereof, to first apply to and gain the consent of federal authority to the final construction plans or to have the federal authority redesignate the altered route as a new federal aid primary highway.

"4. Where, in the preliminary stages of considering a project of improvement under this section, the Director of Highways enters into an agreement with a county, in which the municipality is located, providing for a procedure to be followed thereafter in implementing the project, which does not absolutely interdict the future course of conduct of the director in his discretion in making his final decision thereon, a court will indulge in the presumption that the director acted in accordance with law."

The consent, which the Director of Highways must have to proceed with the improvement here considered, was thus clearly given as shown on the face of the record by implication or process of law.

Section 1178-43, General Code (now Section 5521.02, Revised Code, effective October 11, 1945, the same effective date as amended Section 1178-42, General Code, as first above quoted), was entitled:

"County commissioners may cooperate in elimination of grade crossings, construction, etc., of bridges and highways."

It provided, in part:

"* * * Said commissioners shall also be authorized to cooperate with the director in * * * constructing, reconstructing, * * * a state highway, and the commissioners shall under such circumstances be authorized to pay all or any agreed portion of the cost of such work."

The manner of evidencing such co-operation by resolution is then provided, followed by the following provision:

"* * * Where any portion of the work covered by such proposal is within the limits of a municipal corporation, such proposal shall be accompanied by the consent of the municipal corporation to the doing of such work, evidenced by proper legisla-

tion of its council or other legislative body unless such consent has already been given by said municipal corporation to the director.''

The provision just quoted was in complete harmony with Section 1178-42, General Code, before it was amended in 1947, because the Director of Highways could not reconstruct a state highway within the limits of a city without the consent of the municipal corporation involved. In 1947, Section 1178-42, General Code, was amended, conferring the right upon the director to construct or reconstruct a federal-aid primary highway within the boundaries of a municipal corporation without the express consent of the legislative body of such municipal corporation by following the procedures set out in the amendment. Although the Legislature had provided for county participation in such a state project, such right was circumscribed by the necessity, under Section 1178-43, General Code (as it was amended in 1945), now Section 5521.02, Revised Code, of securing the consent of the municipal corporation for work to be done by the state highway director on that part of a federal-aid primary highway within such municipality. In effect, Section 1178-43, General Code, prior to its amendment in 1953, when strictly construed, gave the legislative authority of a village or city control over the right of county commissioners to join in necessary state highway improvements with the Director of Highways within such city or village even though the director, through the procedures provided for by Section 1178-42, General Code, could be vested with the right to proceed with such work without the direct consent of the city or village. Such a result seems grotesque.

Effective October 1, 1953, that part of Section 1178-43, General Code, dealing with the requirement of procuring legislative consent to the municipal legislative authority, as quoted above (now Section 5521.02, Revised Code), was changed to read as follows:

''* * * Where any portion of the work covered by such proposal is within the limits of a municipal corporation, such proposal shall be accompanied by the consent of the municipal corporation to the doing of such work, evidenced by proper legislation of its legislative body, *unless such consent has already been given to the director.*'' (Emphasis added.)

This phrase was substituted for "shall be accompanied by the consent of the municipal corporation to the doing of such work, evidenced by the proper legislation of its council or other legislative body *unless such consent has already been given by said municipal corporation to the director.*" (Emphasis added.)

It is clear that such amendment, eliminating the words "by said municipal corporation," must have been adopted to authorize the county commissioners to co-operate with the highway director on the construction or reconstruction of a state highway which is also a federal-aid primary highway or a federal-aid interstate highway located within the boundaries of a municipal corporation where the municipal corporation refused to consent thereto and the highway director procures consent for the right to proceed with such work by legal implication or process of law under the authority and by the procedure provided by what is now Section 5521.01, Revised Code, amended effective September 18, 1947, and September 30, 1955.

The fact that in amending Section 5521.02, Revised Code, in 1953, the last sentence of the first paragraph, which provides: "Unless expressly restricted, the authority granted to boards by this section to co-operate with the director shall extend to all portions of the state highway system, both within and without municipal corporations, subject to the condition that the consent of the municipal corporation be given to the performance of any work within its limits," was retained does not change this result because of the determination of the meaning of the word, "consent," as used in this section.

For the foregoing reasons, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

KOVACHY, P. J., and HURD, J., concur.